**PUBLISHED**

Filed: April 17, 2008

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DARRYL BOYNES, JR.,
*Defendant-Appellant.*

No. 06-4841
(3:05-cr-00313-JRS)

---

### ORDER

A member of the Court requested a poll on whether to rehear the case en banc. Chief Judge Williams and Judges Wilkinson, Niemeyer, Traxler, King, Shedd and Duncan voted against rehearing en banc. Judges Michael, Motz and Gregory voted to grant rehearing en banc.

Because the poll on rehearing en banc failed to produce a majority of judges in active service in favor of rehearing en banc, rehearing en banc is denied. Judge Gregory wrote an opinion dissenting from the denial of rehearing en banc.

For the Court

/s/ Patricia S. Connor
Clerk

GREGORY, Circuit Judge, dissenting from the denial of rehearing en banc:

On February 4, 2008, a divided panel in *United States v. Boynes* (06-4841) voted to affirm the district court's decision that Boynes had intelligently, knowingly and voluntarily waived his fundamental right to a jury. Because this case raises a very important constitutional

issue, one that I believe should be addressed by the full court, I requested en banc review.

The Supreme Court has made clear that an express and intelligent consent by the defendant must be determined *prior* to granting a waiver.* *See Patton v. United States*, 281 U.S. 276, 312 (1930) ("[n]ot only must the right of the accused to a trial by a constitutional jury be jealously preserved, [but] before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, *in addition to the express and intelligent consent of the defendant*.") (emphasis added). In the instant case, the record prior to the district court's acceptance of defense counsel's motion does not show that the district court made this determination. It is constitutionally impermissible that a motion made by defense counsel but unsigned by the defendant, is sufficient to serve as the sole basis for determining that the defendant expressly and intelligently consented to a bench trial. This is especially true in light of the clear adversarial relationship between defense counsel and Boynes, and Boynes's statement in open court that he wished to have a jury.

No other Circuit that has faced a challenge under similar circumstances has found the waiver effective. The Tenth Circuit, which like this Circuit does not require a colloquy, faced a very similar case as Boynes's and resolved the issue in favor of the defendant. In *United States v. Robertson*, the defendant argued that the district court erred in allowing the case against her to proceed as a bench trial. 45 F.3d 1423, 1430 (10th Cir. 1995). Defense counsel filed a motion waiving the defendant's right to a jury and the district court did not conduct a colloquy to determine whether the defendant understood the nature of this constitutional right and the consequences of waiving it. *Id.* The court found that the lack of a written waiver was "not necessarily fatal to the validity of that waiver." *Id.* at 1432-33. However, unlike those

---

*The Supreme Court also counseled courts not to discharge their duty "as a mere matter of rote but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from [jury trials] or from any of the essential elements thereof, and *with a caution increasing in degree as the offenses dealt with increase in gravity*." *Patton v. United States*, 281 U.S. 276, 312 (1930) (emphasis added).

cases where an unsigned or unwritten waiver was held to be valid, the court found that:

> there is nothing in the record before us indicating [the defendant] personally understood her right and knowingly waived it. . . under the circumstances, there is no way for a reviewing court to determine whether [the defendant's] waiver was knowing, voluntary, and intelligent. This fact, coupled with the strong presumption against finding a waiver of fundamental rights, see *Johnson v. Zerbst*, 304 U.S. 458 (1938), compels us to reject the government's argument that her waiver is nevertheless valid. Accepting the government's argument would require us to permit the waiver of a fundamental constitutional right based on nothing more than conjecture and speculation. This we decline to do. The right of trial by jury is one enjoyed by the people as well as defendants and courts should be hesitant to dispense with that right.

*Id.*

In Boynes's case, there was insufficient evidence to support a determination that Boynes knowingly, voluntarily and intelligently waived his right at the time the district court granted the motion. There was neither a written wavier signed by the defendant nor a colloquy in which the defendant demonstrated his understanding.

For the foregoing reasons, I respectfully dissent.